CARROLL, DONALD K., Judge.
The plaintiff in an action to recover possession of certain personal property has appealed from a final summary judgment entered for the defendant administrator by the Circuit Court for Duval County.
The sole question presented for our determination in this appeal is whether the filing of a claim by the holder of a vendor’s interest under a conditional sales contract against the estate of a deceased vendee constitutes an election of remedies which extinguishes the right of the vendor to retake possession of the merchandise in satisfaction of his debt.
In its complaint the plaintiff seeks to recover from the defendant, in his capacity as the administrator of the estate of W. B. Parkin, deceased, the possession of certain dental equipment which the deceased had originally purchased from the plaintiff’s predecessor in title under two conditional sales contracts.
To this complaint the defendant filed his answer in three separate defenses, denying all of the material allegations of the complaint and, by the third defense, set up as an affirmative defense that the plaintiff had filed claims against the decedent’s estate for the chattels and that this act constitutes an election of remedies by the plaintiff and constitutes a waiver of its security interest and title to the property.
The plaintiff then filed a motion to strike this third defense, which motion was denied by an order of the court. Thereupon, the defendant filed his motion for a summary judgment based upon the said third defense, supported by an affidavit and true copies of the claims filed by the plaintiff in the estate in the County Judge’s Court of Duval County. The plaintiff states in its appellate brief that it does not dispute the veracity of the proofs or the sufficiency thereof to establish the facts material to the said third defense.
*83 The court granted the defendant’s said motion and entered the summary judgment from which the present appeal is taken.
In their appellate briefs both parties to this appeal rely upon, and quote the following from, the decision of the Florida Supreme Court in Helton v. Sinclair, 93 Fla. 1121, 113 So. 568 (1927):
“There is no doctrine more thoroughly established in this state than that, when one holds a conditional sales contract in which he reserved the title to the personal property sold and retains the right, upon the failure of the vendee to make the stipulated payments, to retake possession of the property, he cannot, after exercising his right to retake the property, continue the pursuit of the purchaser on the debt. He cannot he both owner of the property sold and creditor of the vendee for the amount of the purchase price. He cannot have both the remedy of retaking possession of his property and suit to enforce the debt for the purchase price.”
The evidence submitted by the defendant to the court in support of his motion for a summary judgment establishes that the plaintiff, by filing its claims for monies due under the conditional sales contracts, elected the remedy of enforcing the debt for the amounts due under those contracts. Applying the doctrine of the election of remedies recognized in the Helton case, supra, and in many other Florida decisions, the plaintiff thereby lost the remedy of retaking possession of the said property.
We find no judicial difficulty in applying the doctrine of the election of remedies in the circumstances shown in the case at bar, wherein the election was made by filing claims in the County Judges’ Court. Those claims filed by the plaintiff were for a fixed amount of money in which the plaintiff appeared as a creditor and made no claim for any personal property in the possession of the defendant as a personal representative, nor did the plaintiff claim
any right to the possession of the property. We think that the plaintiff’s filing of the said claims was tantamount, under the election of remedies doctrine, to the filing of an action to enforce the debt, so that the filing of those claims amounted to an election of remedies.
We, therefore, hold that the defendant was entitled to a summary final judgment as a matter of law, so that judgment must be and it is
Affirmed.
JOHNSON, C. J., and RAWLS, J., concur.